United States Courts
Southern District of Texas
FILED

APR 09 2015

David J. Bradley, Clerk of Court

AO 241
(Rev. 01/15)

Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: SOUTHERN DISTRICT OF TEXAS |
|---|---|

| Name (under which you were convicted):<br>MARCUS DESHUNN FREEMAN | Docket or Case No.:<br>1238768 |
|---|---|

| Place of Confinement :<br>TEXAS DEPARTMENT OF CORRECTIONS | Prisoner No.:<br>01708920 |
|---|---|

| Petitioner (include the name under which you were convicted)<br>MARCUS DESHUNN FREEMAN | v. | Respondent (authorized person having custody of petitioner)<br>WILLIAM STEPHENS, DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION |
|---|---|---|

| The Attorney General of the State of: Texas |
|---|

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    183rd Judicial District Court

    (b) Criminal docket or case number (if you know): 1238768

2.  (a) Date of the judgment of conviction (if you know): 03/30/2011

    (b) Date of sentencing:   03/30/2011

3.  Length of sentence:   25 years

4.  In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Possession with intent to deliver codeine cough syrup - 25 years

    Possession with intent to deliver cocaine (4 to 200 grams) - 25 years

    (sentences served concurrently)

6.  (a) What was your plea? (Check one)

    ☑ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty              ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

na

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8.   Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   First Judicial District

(b) Docket or case number (if you know):   01-11-00289-CR

(c) Result:   Denied

(d) Date of result (if you know):   04/30/2013

(e) Citation to the case (if you know):   Freeman v State, No 01-01-00288-CR, 2013 WL 1804471

(f) Grounds raised:

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

If yes, answer the following:

(1) Name of court:   Court of Criminal Appeals

(2) Docket or case number (if you know):   PD-0708-13

(3) Result:   Denied

(4) Date of result (if you know):   07/24/0203

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:   Court of Criminal Appeals of Texas

(2) Docket or case number (if you know):   1238767-A, 1238767-B

(3) Date of filing (if you know):   07/08/2013

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding: _____

      (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes    ☑ No

      (7) Result: _____

      (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

      (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding: _____

      (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes   ☑ No

(2) Second petition:   ☐ Yes   ☐ No

(3) Third petition:    ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    See attached Exhibit A, incorporated herein by reference.

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached Exhibit A, incorporated herein by reference.

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

(c)     **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?  ❐ Yes  ❐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

    _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes    ❐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:     State writ of Habeas Corpus

    Name and location of the court where the motion or petition was filed:    183rd Court, Harris County, Texas

    _____

    Docket or case number (if you know):    1238767-A, 1238768-A

    Date of the court's decision:     03/25/2015

    Result (attach a copy of the court's opinion or order, if available): _____

    No written order

    _____

    (3) Did you receive a hearing on your motion or petition?           ❐ Yes  ☑ No

    (4) Did you appeal from the denial of your motion or petition?      ❐ Yes  ☑ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❐ Yes  ❐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    na

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

    na

    _____

    _____

    _____

    _____

AO 241
(Rev. 01/15)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:**          See attached Exhibit A, incorporated herein by reference.

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached Exhibit A, incorporated herein by reference.

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)      **Direct Appeal of Ground Two:**

         (1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes       ☑ No

         (2) If you did not raise this issue in your direct appeal, explain why: _____

         _____

         _____

(d)      **Post-Conviction Proceedings:**

         (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

                   ☐ Yes       ☐ No

         (2) If your answer to Question (d)(1) is "Yes," state:

         Type of motion or petition:      State writ of Habeas Corpus

         Name and location of the court where the motion or petition was filed:    183rd Court, Harris County, Texas

         _____

         Docket or case number (if you know):     1238767-A, 1238768-A

         Date of the court's decision:     03/25/2015

Result (attach a copy of the court's opinion or order, if available): _____

na

_____

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ❒ Yes | ☑ No |
| (4) Did you appeal from the denial of your motion or petition? | ❒ Yes | ☑ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ❒ Yes | ❒ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

**GROUND THREE:**      See attached Exhibit A, incorporated herein by reference.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached Exhibit A, incorporated herein by reference.

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

_____

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know):   1238767-A, 1238768-A

Date of the court's decision:   03/25/2015

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?                    ☐  Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?               ☐  Yes     ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes     ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

AO 241
(Rev. 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**   See attached Exhibit A, incorporated herein by reference.  (Petioner also argues  5th ground

 but no room on this form; it is described in attachment)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached Exhibit A, incorporated herein by reference.

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     ☑  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241
(Rev. 01/15)

Page 12

Name and location of the court where the motion or petition was filed:     183rd District Court, Harris County, TX

Docket or case number (if you know):     1238767-A, 1238768-A

Date of the court's decision:     03/25/2015

Result (attach a copy of the court's opinion or order, if available):

N/a

(3) Did you receive a hearing on your motion or petition?             ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?        ☐ Yes     ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 01/15)

13.     Please answer these additional questions about the petition you are filing:

    (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

            having jurisdiction?    ☑ Yes        ☐ No

            If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

            presenting them: _____

            _____

            _____

            _____

    (b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

            ground or grounds have not been presented, and state your reasons for not presenting them:

            **No**

            _____

            _____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

        that you challenge in this petition?     ☐   Yes      ☑ No

        If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

        raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

        of any court opinion or order, if available. _____

        _____

        _____

        _____

        _____

        _____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

        the judgment you are challenging?     ☐   Yes      ☐ No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

        raised. _____

        _____

        _____

        _____

        _____

        _____

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:    Troy Locklear

(b) At arraignment and plea:    Troy Locklear

(c) At trial:    Troy Locklear

(d) At sentencing:    Troy Locklear

(e) On appeal:    Timothy Hootman

(f) In any post-conviction proceeding:    Shannon Baldwin, Robert R. Jones, III

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?    ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?    ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner's state writ of habeas corpus was pending and only became final March 25, 2015 when the

clock again became to run, making his federal writ due on April 9, 2015.  Petitioner has one year from

the denial of his Petition for Discretionary Review which was denied July 24, 2013.  However, this

deadline of July 24, 2014 was tolled by the filing of Petitioner's state writ of habeas corpus on

July 8, 2014.

_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    a new trial, or in the alternative a reduction in

his 25 year sentence

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

*Exhibit A*

**GROUND ONE:**

Mr. Freeman was denied effective assistance of counsel at trial because trial counsel failed

to present witnesses or law to adequately prove Mr. Freeman did not live at 5315 Keystone.

**FACTS SUPPORTING GROUND ONE:**

Clothing found at the scene which allegedly belonged to Mr. Freeman were too baggy and could

have fit anyone, mail for numerous others individuals was found at the scene.  Trial counsel  did

not present witnesses or law to adequately present evidence to support his motion to suppress

the tainted search warrant and he failed to object to state's improper closing remarks which all

contributed to ineffective assistance of counsel.  In fact, not a single witness brought by  Mr.

Freeman's mother was called by the trial counsel to testify on the behalf of Mr. Freeman at his

trial and defense counsel failed to make attempts to ferret out and plausible explanations

for the prosecution's allegations that the clothes found in the main house at 5315 Keystone did

not in fact belong to Mr. Freeman but in fact were the belongings of Alton Mathis who fit  the

description of that police has described on the search warrant and which could be clearly seen in

the numerous photographs that Mr. Freeman's mother brought to court in an attempt  to help

persuade the jury that her son was in fact innocent of the charges that had been filed against him

These actions by the trial court constituted ineffective assistance of counsel which is  violation

of Mr. Freeman's constitutional  rights and for which Mr. Freeman should be listened to and

be able to obtain a reversal of the harsh 25-year sentence that has been imposed upon him by the

trial court.  The fact is Mr. Freeman does not live at 5315 Keystone and is an innocent man.

6

**GROUND TWO:**

Mr. Freeman was denied due process because of the state's introduction of false evidence

as well as the improper remarks during its closing argument.

**FACTS SUPPORTING GROUND TWO:**

The state in its closing argument improperly argued before the jury that Mr. Freeman was trying

to essentially call the police liars and the state attempted to link pit bull owners to drug dealers.

The state was helping to convict an innocent man. The state was contending that the confidential

informant had properly acted in the performance of his job. The state was contending that the

description of the Marcus Freeman matched the description of the person whom the police were

looking for. However, Mr. Freeman now contends here in this writ of habeas corpus that there

was some glaring errors in the search warrant and in the way his arrest was conducted, which

need to the addressed by a higher court. Mr. Freeman believes that the police officers knew

full well that Alton Mathis was the person they were looking for because the physical description

on the search warrant did not match him. Mr. Freeman feels that he has his railroaded and is

serving 25 years for a crime that he did not commit. The state never had enough of a link to

affirmatively connect him to this crime. He never entered the main house on the day he was

arrested and he had no knowledge of the drugs or weapons that the police are accusing him of

knowing about and "using or exhibiting" when they were fully aware of the falsity of this claim.

The testimony of the police officers as well as the state's closing argument did not reflect their

knowledge of the truth in this case, but was a result of them attempting to get a conviction out

of evidence that was clearly misleading to the jury. Hopefully Mr. Freeman can finally be

exonerated in the egregious travesty of justice.

7

**GROUND THREE:**

Mr. Freeman was denied a fair trial because the trial court erred by failing to give him extra time to get testimony of fact witnesses and refusing to sustain his motion to suppress search warrant

**FACTS SUPPORTING GROUND THREE:**

Search warrant identified a man 5'9" with a goatee; but Mr. Freeman is 5'6" and clean-shaven. Clothing found at the scene which allegedly belonged to Mr. Freeman because he was about the right size is a weak argument because the baggy clothes could fit anyone. Trial counsel did not present witnesses or law to adequately present evidence to support his motion to suppress the tainted search warrant and he failed to object to state's improper closing remarks which all contributed to ineffective assistance of counsel. In fact, not a single witness brought by Mr. Freeman's mother was called by the trial counsel to testify on the behalf of Mr. Freeman at his trial and defense counsel failed to make attempts to ferret out and plausible explanations for the prosecution's allegations that the clothes found in the main house at 5315 Keystone did not in fact belong to Mr. Freeman but in fact were the belongings of Alton Mathis who fit the description of that police has described on the search warrant and which could be clearly seen in the numerous photographs that Mr. Freeman's mother brought to court in an attempt to help persuade the jury that her son was in fact innocent of the charges that had been filed against him These actions by the trial court constituted error because the court should have sustained the Motion to suppress and should have urged Mr. Freeman's attorneys to listen to those who were desirous of telling the jury that Mr. Freeman does not live at 5315 Keystone and is innocent.

8

**GROUND FOUR:**

Mr. Freeman was denied effective assistance of counsel, the State and the trial court erred in

Many ways but there is new evidence of Mr. Freeman's innocence that should be considered.

**FACTS SUPPORTING GROUND FOUR:**

The fact is Mr. Freeman does not live at 5315 Keystone and is an innocent man and Mr. Freeman

Has new evidence  that the clothes found in the main house at 5315 Keystone were not his and

that the belongings were in fact to be tied to Alton Mathis because numerous witnessed said he

description of that police has described on the search warrant and which could be clearly seen in

the numerous photographs that Mr. Freeman's mother brought to court in an attempt  to help

persuade the jury that her son was in fact innocent of the charges that had been filed against him

These actions by the trial court constituted ineffective assistance of counsel which is  violation

of Mr. Freeman's constitutional  rights and for which Mr. Freeman should be listened to and

be able to obtain a reversal of the harsh 25-year sentence that has been imposed upon him by the

the court now that Mr. Freeman has numerous affidavits that say he never entered the main

house on the day he was arrested and he had no knowledge of the drugs or weapons that the

police are accusing him of knowing about and "using or exhibiting" when they were fully aware

of the falsity of this claim.

9

**GROUND FIVE:**

The cumulative effect of these errors violated Mr. Freeman's due process rights and his sentence should be reduced. The length of this sentence constitutes cruel and unusual punishment.

**FACTS SUPPORTING GROUND:**

The evidence will show that the police officers knew the truth in the case and the truth is that They knew Alton Mathis was the person they were looking for because the physical description on the search warrant did not match Mr. Freeman, who feels that he has his railroaded and is serving 25 years for a crime that he did not commit. The state never had enough of a link to affirmatively connect him to this crime. He never entered the main house on the day he was arrested and he had no knowledge of the drugs or weapons that the police are accusing him of These actions by the trial court constituted ineffective assistance of counsel which is violation of Mr. Freeman's constitutional rights and for which Mr. Freeman should be listened to and be able to obtain a reversal of the harsh 25-year sentence that has been imposed upon him by the the court now that Mr. Freeman has numerous affidavits that say he never entered the main house on the day he was arrested and he had no knowledge of the drugs or weapons.

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10